Glenn R. Kantor - State Bar No.122643
Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
JENNIFER HO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER HO,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, JENNIFER HO herein sets forth the allegations of her Complaint against Defendant UNUM Life Insurance Company of America ("UNUM") as follows:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee



KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, pre-judgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of Catalyst California and a resident of California.

3. Plaintiff is informed and believes that Defendant UNUM is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. UNUM is the insurer of benefits on Group Insurance Policy number 917735 issued to the firm of Catalyst California to fund its ERISA governed LTD Plan ("the Policy"). The Policy is administered within this judicial district.

4. UNUM is doing business in the Central District of California in that it covers insureds working and residing in the Central District. Plaintiff is further informed and believes that the Plan Administrator has appointed UNUM as a fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims. UNUM administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claims determination.

5. As a benefit of her employment, Plaintiff was provided group long-term disability ("LTD") insurance. The Policy is a part of an employee welfare benefit plan regulated by ERISA, in which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to LTD insurance benefits. Pursuant to the terms and conditions of the Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Policy.

6. Defendant UNUM can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

**FIRST CLAIM FOR RELIEF**

**AGAINST DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Catalyst California and was a covered participant under the terms and conditions of the Policy. The Policy was insured by UNUM, and UNUM was also the claims administrator and made all decisions to pay or deny benefit claims.

9. During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled effective May 15, 2024, as defined under the terms of the Policy due to disabling symptoms of post viral fatigue syndrome.

10. Pursuant to the terms of the Policy, Plaintiff made a claim to UNUM for LTD benefits under the Policy. Plaintiff claimed an entitlement to LTD because of her inability to perform the material duties of her own occupation as an attorney as the result of the symptoms she suffered as the result of her having long term COVID. She was assigned claim number 24899924 for her LTD claim. UNUM denied the claim(s) on the ground that the symptoms of her condition did not result in restrictions and limitations which prevented her from the material duties of her occupation.

11. Plaintiff timely appealed the denial of her LTD claim.

12. UNUM upheld its decision to deny Plaintiff's benefit claims.

13. At all times subsequent to her injury, Plaintiff sought all appropriate medical treatment, and complied with all medical recommendations.

14. UNUM's refusal to pay the LTD benefits due to Plaintiff constitutes a violation of its duties to Plaintiff under ERISA.

15. Defendant UNUM and the Plan breached the Policy and violated ERISA in the following respects:

(a) Failing to approve the LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendant had such knowledge, Defendant denied Plaintiff's benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for benefits;

(c) Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive;

(e) Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim; and

16. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the Policy by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

17. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

18. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the Policy and to clarify her right to future benefits under the terms of the Policy.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff.

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 17, 2026 KANTOR & KANTOR, LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
JENNIFER HO